UNITED STATES of America, Plaintiff–Appellant,

v.

Iverson Troy BROWN, Defendant–Appellee.

No. 97–7181.

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1998.

Decided Sept. 2, 1998.

---

**ARGUED:** Kenneth Davis Bell, Office of United States Attorney, Charlotte, North Carolina, for Appellant. Jack W. Stewart, Jr., Asheville, North Carolina, for Appellee.

Before ERVIN and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Reversed and remanded by published opinion. Judge ERVIN wrote the opinion, in which Judge LUTTIG and Senior Judge Butzner joined.

## OPINION

ERVIN, Circuit Judge:

The United States appeals the district court's grant of a writ of habeas corpus on the basis of double jeopardy in this case involving successive prosecutions for drug distribution offenses. In 1987, Iverson Troy Brown pled guilty to conspiracy to possess with intent to distribute and distribution of marijuana. In 1991, Brown was indicted for engaging in a continuing criminal enterprise (CCE) that involved the distribution of marijuana and cocaine. He pled guilty to those charges, also, but subsequently mounted a collateral attack on the conviction. After conducting an evidentiary hearing, the district court found that Brown had been placed in double jeopardy because the government had used the prior conspiracy conviction as the predicate conspiracy for the CCE conviction. The district court therefore vacated the CCE conviction and sentence. The government contends (1) the district court improperly conducted an evidentiary hearing on the double jeopardy issue and (2) the district court erred in finding that the 1991 CCE indictment placed Brown in double jeopardy following his 1987 conspiracy conviction.

The district court erred in holding an evidentiary hearing on Brown's double jeopardy claim. We therefore reverse the decision of the district court to grant the writ of habeas corpus and remand to the district court for reconsideration. On remand, the district court should consider only the record as it existed prior to the September 1996 evidentiary hearing.

## I.

On August 5, 1987, Iverson Troy Brown was indicted by a grand jury in the Western District of North Carolina on one count of conspiracy to possess with intent to distribute and conspiracy to distribute in excess of 1000 kilograms of marijuana in violation of 21 U.S.C. § 846 (1994). The indictment alleged that the conspiracy existed from December 14, 1986 to July 18, 1987, that it involved three other persons, and set forth eleven overt acts.

The overt acts involved in the conspiracy centered around Brown's negotiating for and buying marijuana from undercover federal agents in Houston, Texas. Brown and his colleagues allegedly intended to transport the marijuana from Texas to North Carolina in a motor home. The marijuana was then to be sold in western North Carolina. On October 9, 1987, Brown pled guilty to the one-count indictment and was sentenced to 12 years of imprisonment.

On April 3, 1991, another grand jury in the Western District of North Carolina indicted Brown and 33 others for conspiracy to possess with intent to distribute and conspiracy to distribute in excess of five kilograms of cocaine and in excess of 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. That conspiracy allegedly lasted from March 1985 to June 1989. In addition, the grand jury also indicted Brown for conducting a continuing criminal enterprise from March 1985 to July 17, 1987 in violation of 21 U.S.C. § 848. The CCE count alleged that Brown's series of violations included importation, possession with intent to distribute, and distribution of cocaine and marijuana. He was also indicted for two counts of money laundering.

On December 10, 1991, Brown entered into a plea agreement that required that he plead guilty to the CCE charge and one of the money laundering counts. The district court accepted Brown's guilty plea on December 10, and heard evidence as to the factual basis for the plea on February 19, 1992. The court sentenced Brown to 14 years, 10 months, and 22 days of imprisonment.

Prior to the sentencing hearing, Brown moved the court to reconsider his sentences on the ground that the conspiracy charged in the 1987 indictment was the same conspiracy charged to support the 1991 CCE indictment and thus violative of double jeopardy. Brown requested the district court either to vacate the 1987 sentence or to order that he be deemed to have begun serving the 1991 sentence on the date he was incarcerated for the 1987 charges. The court informed Brown, who was still represented by counsel, that the government intended to treat his motion as a breach of the plea agreement. The court gave Brown the option of withdrawing his guilty plea and proceeding to a hearing on his double jeopardy motion, which would be followed by a trial if he lost, or withdrawing his motion and proceeding with sentencing. Brown withdrew his motion.

On November 29, 1993, Brown filed a habeas petition under 28 U.S.C. § 2255 challenging his conviction on several grounds. The district court dismissed all but the double jeopardy claim, and ordered an evidentiary hearing on the double jeopardy claim over the government's objections.

The court held the evidentiary hearing on September 18, 1996, and granted the habeas petition on July 8, 1997, thereby vacating Brown's conviction and sentence. The United States appealed in August, and requested the district court to stay the order pending appeal because Brown would otherwise be released from custody. The district court refused to grant the stay, and the government moved that this court grant the stay. We denied the government's motion, and Brown has been released from custody.

## II.

Brown filed his habeas petition with the district court under 28 U.S.C. § 2255. We have jurisdiction to hear the appeal from the district court's grant of the writ under 28 U.S.C. § 2253 and 28 U.S.C. § 1291.

## III.

The central issue before us is whether the district court acted properly in holding an evidentiary hearing to determine

whether the conspiracy charge underlying Brown's 1991 conviction for CCE duplicated the conspiracy charge for which he had already been convicted in 1987 and, on that basis, issuing a writ of habeas corpus. We review *de novo* the district court's grant or denial of a writ of habeas corpus on questions of law. *Ashe v. Styles,* 67 F.3d 46, 50 (4th Cir.), *cert. denied,* 516 U.S. 1162, 116 S.Ct. 1051, 134 L.Ed.2d 196 (1996).

The United States contends that Brown waived his right to challenge collaterally his plea agreement by entering a guilty plea to the charge. In *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Supreme Court held that prisoners who enter successive guilty pleas may not collaterally attack their convictions on double jeopardy grounds absent special circumstances. *Broce* involved defendants who pled guilty to two separate conspiracy charges to rig bids on highway construction projects in Kansas. They later challenged the separate indictments, arguing that they were engaged in only one conspiracy, which had the same object and used the same methods—an argument that others engaged in the same type of bid-rigging had made successfully in the Tenth Circuit. The Supreme Court held their double jeopardy claim to be waived, reasoning that a guilty plea is an avowal that the defendant committed the crime charged, not just the underlying conduct. The defendants therefore waived their right to claim double jeopardy by virtue of their admitting having committed both crimes. *Id.* at 575–76, 109 S.Ct. 757.

The Court noted two exceptions to this rule of waiver—if the plea entered was not knowing and voluntary, or if the government had no right to bring the charges at all. *Id.* at 573–75, 109 S.Ct. 757; *see also Menna v. New York,* 423 U.S. 61, 62 & n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (claim that charge is not one a state may validly prosecute is not waived by guilty plea); *Blackledge v. Perry,* 417 U.S. 21, 29–31, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (same). The Court noted that this latter exception means that the prosecution was foreclosed from bringing the case at the time the plea was entered and that the presiding judge should have been able to make

that determination from the existing record. *Broce,* 488 U.S. at 575, 109 S.Ct. 757.

Brown must fall within one of the exceptions to *Broce* in order to challenge his claim on collateral attack. The only exception into which his claim might fall is that the government had no power to have "haled him into court" with the second indictment. *Blackledge,* 417 U.S. at 30–31, 94 S.Ct. 2098. If the district court could not determine from the indictments and the record evidence that the two convictions placed Brown in double jeopardy, Brown's double jeopardy claim would be deemed waived. *Broce,* 488 U.S. at 576, 109 S.Ct. 757.

The district court granted Brown's request for an evidentiary hearing because it found that examining the two indictments "was not instructive on the issue" of whether they alleged two separate crimes. J.A. at 273. In that same order, however, the district court found the two conspiracies overlapped as to time, participants, and contraband substance. *Id.* The court cited *Broce* in its order, but ignored its directive to make the decision on the face of the indictments and the record.

The correct approach, therefore, would have been for the district court to examine the record to determine whether, on the face of the record as it existed before the evidentiary hearing, the government alleged Brown's involvement in two separate conspiracies—one to support the 1987 conviction and one to support the 1991 CCE conviction. *See Rutledge v. United States,* 517 U.S. 292, 300, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996)(the "in concert" element of a CCE offense necessarily requires proof of a conspiracy; to prosecute a defendant for both conspiracy and CCE, the government must allege separate conspiracies).

Because the district court erred in conducting the evidentiary hearing in which it determined the conspiracies overlapped, we must remand for the court to reconsider the issue and make a determination on the basis of the record evidence as it existed before the evidentiary hearing, ignoring any new evidence that may have been adduced at the hearing. *Broce,* 488 U.S. at 575–76, 109 S.Ct. 757. The district court is in a better position to make that determination because we have

only a limited record before us on appeal. If in fact the district court cannot tell from the record whether the government alleged two separate conspiracies, it must reinstate Brown's conviction and sentence. *Id.* From the record before us, it appears that the district court gleaned but little from the evidentiary hearing. The hearing involved primarily testimony from Brown. He did not introduce any new documentary evidence; the only plaintiff's exhibits presented were transcripts from two witness interviews and the factual basis transcript from Brown's plea hearing in 1991, all of which were already part of the record before the evidentiary hearing.

The United States would have us consider the merits of Brown's double jeopardy claim and one further argument: that any double jeopardy violation would fall within an exception to the prohibition on successive prosecutions. Such an exception may exist when the lesser charge is instituted because the additional facts needed to prosecute the more serious crime have not yet occurred or have not been discovered despite the exercise of due diligence. *See Brown v. Ohio,* 432 U.S. 161, 169 n. 7, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (exception to successive prosecution may exist when State is unable to proceed on more serious charge at the outset because facts have not been discovered despite exercise of due diligence). Because we have remanded to the district court for reconsideration of the double jeopardy argument, we do not find these claims ripe for our attention and accordingly we decline to address them.

## IV.

The district court erred in holding an evidentiary hearing on Brown's double jeopardy claim. We therefore reverse the writ of habeas corpus issued by the district court and remand for the district court to consider Brown's claim of double jeopardy on the basis of the record as it existed before the district court held the evidentiary hearing.

*REVERSED AND REMANDED.*