UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4827

JOHN RUSSELL WHITT,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-29, CR-99-30, CR-99-31, CR-99-32, CR-99-33, CR-99-34)

Submitted: April 20, 2000

Decided: September 15, 2000

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter L. Jones, CLIFFORD, CLENDENIN, O'HALE & JONES,
L.L.P., Greensboro, North Carolina, for Appellant. Walter C. Holton,
Jr., United States Attorney, L. Patrick Auld, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Russell Whitt appeals his convictions and sentences imposed following his guilty pleas to six counts of armed bank larceny, 18 U.S.C.A. § 2113(d) (West Supp. 1999), and two counts of carrying a firearm during and in relation to a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1999). He contends that the indictments were multiplicitous as to the § 924(c) counts because the firearm was used or carried only once, and therefore he could not be convicted of two offenses. He also argues that because the plea to both offenses was accepted simultaneously, the twenty-five year consecutive sentence imposed for a "second or subsequent conviction" was improper. We affirm Whitt's convictions and sentences.

As the government points out, Whitt has waived his multiplicity claim by failing to raise it below before tendering his guilty plea. See United States v. Whittington, 26 F.3d 456, 466 (4th Cir. 1994) (citing United States v. Price, 763 F.2d 640, 643 (4th Cir. 1985)). Whitt asserted, as cause for relief from his waiver, that he entered his plea without the effective assistance of counsel and that the United States had no right to bring the charges to which he pled. See United States v. Brown, 155 F.3d 431, 434 (4th Cir. 1998). We find that Whitt has not shown such cause.

Moreover, the district court correctly found "there were clearly six incidents here separated in time, although in one day at six different locations. At any one time the defendant could have ceased that activity. Not only the robbery (sic), but the continuing carrying of the firearm in the presence of Mr. Cross." (JA at 135). Each of the larcenies at each of the ATM machines constituted a separate crime of violence. Therefore, Whitt was properly charged with a separate and distinct § 924(c) count in relation to each of the separate bank larcenies. See United States v. Luskin, 926 F.2d 372, 377 (4th Cir. 1991) ("As long as the underlying crimes are not identical . . . then consecutive section 924(c) sentences are permissible.").

Whitt also argues that, because he entered his guilty pleas and the court accepted his guilty pleas to both § 924(c) counts simulta-

2

neously, there is no "second or subsequent conviction" for which he could be sentenced to the twenty-five year sentence. We find that Whitt's plea to both § 924(c) counts and the court's acceptance of those pleas amount to a first and second conviction under that statute. Therefore, the district court properly applied the enhanced sentencing provision in § 924(c)(1)(C)(i). See Deal v. United States, 508 U.S. 129, 130, 133 n.1 (1993) (finding that the enhanced sentence for a second or subsequent conviction could be imposed in the same judgment as the sentence for the initial § 924(c) conviction).

Whitt attempts to distinguish Deal, arguing that Deal was convicted following a jury trial with the jury returning separate verdicts of guilty, while his § 924(c) convictions were entered simultaneously. However, Whitt overlooks the "second conviction" part of § 924(c)(1)(C)(i). The court accepted his guilty pleas to one § 924(c) count and to another § 924(c) count--the second conviction. See United States v. Neal, 976 F.2d 601, 602-03 (9th Cir. 1992) (holding that "the meaning of `second or subsequent conviction' is plain in the context of [section 924(c)]").

Because the indictments were not multiplicitous and the district court properly sentenced Whitt under the enhanced sentencing provision of § 924(c)(1)(C)(i), we affirm Whitt's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3

u