UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

v.

ERIC WHEELER, a/k/a E,

*Defendant-Appellee.*

No. 01-4414

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-96-53)

Submitted: November 20, 2001

Decided: January 18, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Reversed and remanded by unpublished per curiam opinion.

---

### COUNSEL

Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellant. Sandra J. Barrett, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

The Government appeals the district court's order granting in part Eric Wheeler's motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001) in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because the court's order squarely conflicts with our recent decision in *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), *petition for cert. filed* (Oct. 9, 2001) (No. 01-6715), we reverse.

Four days after the district court's order, we issued our decision in *Sanders*, holding that *Apprendi* does not apply retroactively on collateral review. The Government filed a motion for reconsideration citing *Sanders*, which was denied by the district court. The court, relying on its own decision in *Darity v. United States*, 124 F. Supp. 2d 355 (W.D.N.C. 2000), found that *Sanders* merely held that *Apprendi* does not apply retroactively to an *untimely* filed § 2255 motion. The district court vacated Wheeler's life sentence on his drug conviction and imposed a term of thirty years.

The Government raises two issues on appeal. First, it claims that the district court erred as a matter of law in finding that *Apprendi* applied retroactively to Wheeler on collateral review. Second, the Government claims that Wheeler's collateral attack on his sentence was time-barred by the AEDPA one-year limitations period. We review a district court's grant of a § 2255 motion de novo. *United States v. Brown*, 155 F.3d 431, 434 (4th Cir. 1998).

We find that the district court applied an overly narrow interpretation of our decision in *Sanders*. Rather than relying exclusively on the untimeliness issue, we stated that even assuming Sanders' motion was timely, he nonetheless faced "two insurmountable obstacles." *Sanders*, 247 F.3d at 144. First, Sanders procedurally defaulted his claim by failing to argue at his original sentencing hearing or on direct appeal that he was entitled to a jury determination as to the types or quantities of drugs involved in the conspiracy. Moreover, he failed to establish cause and actual prejudice for the default. *Id.* Second, we

found that Sanders was unable to overcome the strictures of *Teague v. Lane*, 489 U.S. 288 (1989). *Id.* at 146.

Here, as in *Sanders*, Wheeler failed to challenge his conviction at trial or on direct appeal on the ground that he was entitled to a jury determination of drug quantity. Moreover, Wheeler does not attempt to make any showing of cause and prejudice in his formal brief before this Court. Finally, Wheeler cannot overcome the applicability of *Teague v. Lane*.

Accordingly, we need not consider the timeliness of Wheeler's § 2255 motion. Even assuming it was timely, he cannot overcome the two additional obstacles set forth in *Sanders*. We therefore reverse the district court's order and remand with instructions to reimpose the original life sentence on the drug count. We deny Wheeler's motion for substitution of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REVERSED AND REMANDED*