OPINION
PER CURIAM.
Petitioner-appellee/cross-appellant, Robert Roger Teal (“Teal”), was convicted of breaking and entering and grand larceny in a Virginia court. Teal sought habeas relief in federal court under 28 U.S.C. § 2254, alleging, inter alia, ineffective assistance of counsel. The district court granted relief in part, and denied relief in part. Respondent-appellant/cross-appellee Ronald Angelone, the Director of the Virginia Department of Corrections (“the Director”), appeals (record no. 01-7758) from the district court’s order insofar as it granted any relief. Teal appeals (record no. 01-8029) from the district court’s order insofar as it denied relief. Because Teal’s notice of appeal was untimely, we remanded the case to the district court for its consideration of Teal’s motion for extension of time. The district court denied the motion for extension of time, and Teal timely appealed (record no. 02-6502) from that order. The three appeals have been consolidated. We reverse in part and dismiss in part.
I.
Teal’s convictions arose out of a burglary at Moore’s Auto Body Shop in Rich *778 mond, Virginia, between 11:30 p.m. on February 20, 1997, and 3:00 a.m. on February 21, 1997. The prosecution’s case was based on both direct and circumstantial evidence. The shop manager closed and locked the shop at approximately 6:15 p.m. on February 20, 1997. J.A. at 9. When the manager arrived the next morning, he found that the “place was a mess;” the front window glass was broken and a board covered a hole in the window. J.A. at 10-11. Soft drinks and coins had been removed from a soda machine. J.A. at 14. Other property, including a television and a white Dodge automobile owned by the City of Richmond and in the shop for repairs, had been removed from the shop without permission. J.A. at 17, 22.
The circumstances surrounding Teal’s arrest near the scene of the burglary were amply established. Constance Jones’s fourth floor apartment overlooks the alley between the auto body shop and her apartment building. At approximately 11:30 p.m., Jones saw from her apartment window a man, later identified as Teal, carrying a board through the alley. J.A. at 29, 30. This was the board later found covering the hole in the shop’s window glass. J.A. at 31. At approximately 3:00 a.m., Jones again looked out of her window into the alley and saw that her neighbor’s truck had been broken into; a toolbox rested on the ground in between the truck and her boyfriend’s van. J.A. at 32. She also noticed a white car in the same general area. J.A. at 33-34.
Jones alerted her boyfriend and returned to the window. She observed the white car proceed down the alley away from the van. J.A. at 32-33. At about this same time, Jones and her boyfriend observed that Teal had broken into and was lying across the seat of her boyfriend’s van. J.A. at 33, 48. Jones telephoned the police while her boyfriend and a neighbor left to confront and detain Teal. J.A. at 34-35. Teal fled as the police arrived, J.A. at 35-36; he was apprehended by Officer Anthony Papaleo. When Officer Papaleo apprehended Teal, he had in his possession several items taken from the auto body shop. J.A. at 71-72. Meanwhile, Officer Sandy Ledbetter, who also responded to the scene, located the white Dodge automobile, which had been parked around the corner from the auto body shop. Ledbetter discovered inside the car other property that had been taken from the auto body shop, including the television and a pillow case filled with sodas from the machine in the body shop. J.A. at 80-82. Teal was arrested and charged with possession of burglary tools, breaking and entering the auto body shop, and grand larceny (based on the theft of the white Dodge automobile from the auto body shop).
At the close of the prosecution’s case-in-chief, Teal’s counsel moved to strike the grand larceny charge on the ground that the evidence did not show that “Teal was not associated with the lawful owner” of the automobile. J.A. at 330. (Counsel did not argue that the evidence was insufficient to establish that Teal ever had possession of the white Dodge automobile.) The trial judge denied the motion. In the defense ease, Teal elected to testify. He provided a partially exculpatory version of the events at issue, specifically denying that he broke into the auto body shop or that he had any connection to the theft of the white Dodge automobile. Teal admitted that he broke into the van. Defense counsel unsuccessfully renewed his motion to strike the charges after the close of all the evidence. The jury convicted Teal of breaking and entering and grand larceny and acquitted him of possession of burglary tools. Teal received a sentence of ten years on the breaking and entering conviction and a consecutive sentence of two years on the grand larceny conviction.
*779 Teal effectively exhausted his state law remedies and filed a timely pro se habeas petition in the United States District Court for the Eastern District of Virginia alleging, inter alia, that he had received ineffective assistance of counsel. J.A. at 264. The district court referred the case to a magistrate judge for the issuance of a report and recommendation. Subsequently, over timely objections by both parties, the district court adopted the magistrate judge’s recommendation in an order entered on September 28, 2001, granting the habeas petition in part and denying it in part.
As to the grand larceny conviction, the district court adopted the magistrate judge’s finding that there was no evidence that Teal was in actual possession of the white Dodge automobile, and that “no instructions were given to the jury regarding Teal’s aiding and abetting someone else to take the vehicle.” J.A. at 331-32. Thus, the court below concluded that “the evidence presented proved Teal neither took the vehicle nor aided in the taking of the vehicle. Failure to argue this crucial point was ineffective assistance.” J.A. at 332. Furthermore, because the prosecution “failed to prove all of the essential elements of grand larceny,” J.A. at 333, counsel’s failure to argue the insufficiency of the evidence permitted Teal to be convicted of the grand larceny charge, whereas Teal should have been acquitted of that charge. The district court set aside the conviction for grand larceny and the corresponding two-year sentence and ordered a new trial. J.A. at 357.
As to the breaking and entering conviction, the district court adopted the magistrate judge’s view that, contrary to Teal’s contention, trial counsel had “thoroughly cross-examined [Jones],” J.A. at 39-46, 335, and that counsel did not act unreasonably in failing to seek relief for an alleged discovery violation. S.A. at 336. Accordingly, the district court denied the habeas petition as to the breaking and entering conviction. J.A at 323, 357.
The parties filed cross-appeals from the district court’s mixed judgment. S.A. at 3, 11. Teal’s notice of appeal was untimely. We remanded the case to permit the district court to consider Teal’s motion for an extension of time to appeal. The district court denied the motion for extension of time. S.A. at 26. Teal timely appealed from that order. S.A. at 30.
II.
A claim that counsel’s representation was so defective as to require reversal of a conviction has two components: the defendant must establish that (1) counsel’s performance was deficient; and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “Deficient performance” is established by showing that “counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed by the Sixth Amendment.” Id. “Prejudice” is established by showing that “counsel’s errors were so serious that they deprived the defendant of a fair trial.” Id. Unless a defendant can make both showings, “it cannot be said that the conviction ... resulted from a breakdown in the adversary process that rendered] the result unreliable.” Id. We review de novo the district court’s grant of Teal’s habeas petition because a claim of ineffective assistance of counsel presents a mixed question of law and fact. See United States v. Brown, 155 F.3d 431, 434 (4th Cir.1998); Williams v. Kelly, 816 F.2d 939, 946 (4th Cir.1987).
III.
A.
Applying the Strickland standard to the record here, we are persuaded that the *780 district court erred in its conclusion that counsel was constitutionally ineffective for failing to move to strike the grand larceny charge based on insufficiency of the evidence. In Virginia, larceny is a common law crime defined as the (1) wrongful or fraudulent taking of (2) another’s property, (3) without his permission, (4) with the intent to deprive the owner of it permanently. See Tarpley v. Commonwealth, 261 Va. 251, 542 S.E.2d 761, 763-64 (Va. 2001); Commonwealth v. Taylor, 256 Va. 514, 506 S.E.2d 312, 314 (Va.1998). Under Virginia Code § 18.2-95, grand larceny is the (1) taking, (2) not from the person of another, (3) of goods that have value of $200 or more. Tarpley, 542 S.E.2d at 763-64. Two people may commit larceny when they jointly take property from another. Carter v. Commonwealth, 209 Va. 317, 163 S.E.2d 589, 594 n. 3 (Va.1968). Furthermore, two people engaged in a criminal enterprise are each equally responsible for the acts of the other. Rollston v. Commonwealth, 11 Va.App. 535, 399 S.E.2d 823, 825 (Va.Ct.App.1991).
It is true, of course, that there was no evidence that Teal was ever seen driving the white Dodge automobile. It is also true that no one was inside the car when it was found parked around the corner from the auto body shop upon the arrival of the police. J.A. at 81-82. Nevertheless, trial counsel’s failure- to move to strike the grand larceny charge based on insufficient evidence did not constitute an unreasonable omission that was prejudicial to Teal. The record reflects that the judge presiding at Teal’s trial instructed the jury that “exclusive personal possession may be joint with another or others, but it must be under circumstances which cause [one] to believe the defendant has knowing joint possession.” J.A. at 118. The Director argues that, and we agree, drawing all reasonable inferences in favor of the prosecution, the jury could have reasonably concluded that the direct and circumstantial evidence presented at trial supported a finding that Teal was in joint possession of the white Dodge automobile with the unidentified driver of the vehicle, such that the “possession” element of the charge of grand larceny was proved beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (standard of review for claims of evidentiary insufficiency).
In sum, we are persuaded that the direct and circumstantial evidence introduced at trial was more than adequate to support the judge’s instruction on joint possession, and that the court below erred in concluding that the jury instructions were inadequate to permit the jury to find concert of action beyond a reasonable doubt.* Accordingly, as Teal was not *781 prejudiced by his counsel’s failure to challenge the sufficiency of the evidence on the grand larceny charge, we reverse the district court’s judgment granting relief to Teal as to the conviction for grand larceny.
B.
The parties have joined issue over whether the district court abused its discretion in denying Teal’s motion for an extension of time within which to appeal the denial of relief as to the breaking and entering conviction. That claim is also grounded in an allegation of ineffectiveness of counsel, i.e., that counsel unreasonably and prejudicially failed to object to certain evidence supporting the breaking and entering charge.
We need not determine whether the district court committed an abuse of discretion, however, because before an appeal can be taken to the court of appeals from the final order in a habeas petition proceeding arising out of process issued by a state court a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Jones v. Cooper, 311 F.3d 306, 309-10 (4th Cir.2002). Having reviewed the record and the district court’s order, and having had the benefit of oral argument, we deny a certificate of appealability because Teal has not made a substantial showing of the denial of a constitutional right. Id.
IV.
For the reasons set forth, we reverse the judgment in Case No. 01-7758, and we dismiss the appeals in Case Nos. 01-8029 and 02-6502.

REVERSED IN PART AND DISMISSED IN PART.

 The evidence, summarized in text, established that over the course of some period of time in the middle of the night in February, the auto body shop was burglarized. Entry was gained by breaking a window glass, which the perpetrators took pains to cover up using a board which a witness had earlier observed in Teal's possession. A vending machine was ransacked, and soda cans from the machine were loaded into a pillow case found on the premises. Coins (some quite likely removed from the soda machine) were found in Teal’s possession upon his arrest after a short chase near the scene of the break-in, and under circumstances in which Teal was confronted as he was breaking into a van parked near the burglarized body shop. A television, among other property from the body shop, had been loaded into a white Dodge automobile, which was on the premises for repair. The unidentified driver of the white Dodge automobile was present in the vehicle while Teal was rummaging through the parked van, but abandoned the white Dodge automobile and departed the area before police arrived. Manifestly, under the circumstances shown in this record, a reasonable juror could reasonably conclude that Teal was involved in the break-in of the body shop (indeed, Teal does not even argue on appeal that there was in *781 sufficient evidence to sustain the breaking and entering conviction), and such a reasonable juror could reasonably discount the likelihood that, by coincidence, two persons, working wholly independently of each other, burglarized the same auto body shop on the same winter evening, and calmly divided the loot between themselves, with Teal settling for only a few coins and other items, while the other burglar made off with the sodas, the television, and the automobile, all of such property having been available for the taking from the shop. To the contrary, and exactly as the prosecutor argued at trial, a reasonable juror could reasonably conclude that the unidentified operator of the white Dodge automobile was waiting for Teal to complete his search of the van parked in the alley before the night’s joint enterprise was concluded, and further, that the driver elected hastily to abandon the white Dodge automobile (and the loot from the body shop contained within it) at the time Teal was confronted by the owner of the van parked in the alley, inferring (correctly) that the police were on the way. We have no hesitation in concluding that this evidence shows “circumstances which [could] cause you to believe the defendant ha [d] knowing joint possession” of the white Doge automobile with the "other” burglar. J.A. at 118 (trial judge’s instruction to the jury).