**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4538**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

T. B. MOSS, JR., a/k/a T. M. Moss, Jr.,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Richard L. Voorhees,
District Judge.  (CR-02-136)

———————

Submitted:  May 7, 2004              Decided:  May 25, 2004

———————

Before WILKINSON, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jennifer W. Moore, THE MOORE LAW FIRM, Asheville, North Carolina,
for Appellant.  Robert J. Conrad, Jr., OFFICE OF THE UNITED STATES
ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

T. B. Moss, Jr., appeals his conviction and sentence after pleading guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (2000). Moss's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her opinion, there are no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserted claims that the district court erred when it accepted Moss's guilty plea and that Moss's trial counsel was ineffective. Moss has been informed of his right to file a pro se supplemental brief, but has not done so. We affirm Moss's conviction and sentence.

Moss first contends the district court erred when it accepted his guilty plea because there was no evidence the firearm he possessed was in or affected interstate commerce. Moss, however, waived his right to appeal his conviction in his plea agreement. A plea of guilty and resulting judgment of conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Wiggins, 905 F.2d 51, 52 (4th Cir. 1990). A defendant who enters a guilty plea waives the right to raise a constitutional challenge to his or her conviction except in narrow circumstances. Id. We have noted two exceptions to this rule: if the plea entered was not knowing and voluntary, or if the

government had no right to bring the charges at all. United States v. Brown, 155 F.3d 431, 434 (4th Cir. 1998).

A waiver of a defendant's right to appeal contained in a valid plea agreement is "enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (quoting United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991)). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Accordingly, because we conclude Moss knowingly and intelligently waived his right to appeal, we reject Moss's claim.

Moss's second claim is that he received ineffective assistance of trial counsel. Moss specifically reserved the right to appeal claims of ineffective assistance of counsel in his plea agreement. Generally, a claim of ineffective assistance of counsel should be asserted on collateral review, not on direct appeal, unless ineffective assistance is apparent on the face of the record. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). We conclude the record does not reveal ineffective assistance by Moss's trial counsel and therefore reject this claim as well.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Moss's conviction and sentence. The court requires that

- 3 -

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>