UNITED STATES of America,
Appellee,

v.

Roger WATSON, Defendant–Appellant.

No. 05–3849–CR.

United States Court of Appeals,
Second Circuit.

Feb. 1, 2006.

Joseph A. Vita, Port Chester, New York, for Appellant.

Jacob W. Buchdahl, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee, of counsel.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN, District Judge.[1]

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's order, entered on June 29, 2005, is hereby AFFIRMED.

Last year, this court affirmed the conviction of defendant-appellant Roger Watson, after a jury trial, on two counts of substantive and conspiratorial marijuana trafficking, *see* 21 U.S.C. §§ 812, 841(a)(1),

---

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

841(b)(1)(D), 846; and five counts of firearm possession, *see* 18 U.S.C. §§ 922(g)(5)(A), 922(k), including one-count of possession in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c). *See United States v. Watson*, 404 F.3d 163 (2d Cir.2005). Pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), the court nevertheless remanded the case to the district court for consideration of resentencing. Watson now appeals the district court's decision not to resentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

The purpose of a *Crosby* remand is to ascertain whether non-final sentences imposed prior to the Supreme Court ruling in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), manifest plain error under the Sixth Amendment. *See United States v. Crosby*, 397 F.3d at 118 (observing that *Booker* Sixth Amendment error is harmless "if the judge decides on remand, in full compliance with now applicable requirements, that ... the sentence would have been essentially the same as originally imposed" if the court had known that the Guidelines were discretionary rather than mandatory). The district court having concluded, on remand, that it "would not have pronounced a different sentence" in Watson's case if it had understood the Guidelines to be discretionary, this case presents us with no plain error. Accordingly, to the extent Watson persists in challenging his sentence on appeal, our review is now limited to an assessment of reasonableness. *See United States v. Booker*, 125 S.Ct. at 767.

Reasonableness review has two components: (1) procedural reasonableness, whereby we consider such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a); and (2) substantive reasonableness, whereby we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a). *United States v. Crosby*, 397 F.3d at 114–15.

To the extent Watson appears to contend that his sentence is procedurally unreasonable because the district court persisted in calculating his Guidelines by reference to drug quantities not found proved beyond a reasonable doubt by the jury, his argument is foreclosed by *Crosby*. *See id.* at 115 (holding that a sentencing judge would "violate section 3553(a) by limiting consideration of the applicable Guidelines range to the facts found by the jury or admitted by the defendant, instead of considering the applicable Guidelines range, as required by subsection 3553(a)(4), based on the facts found by the court").

Similarly without merit is Watson's argument that the length of his sentence is substantively unreasonable. "Because 'reasonableness' is inherently a concept of flexible meaning," *id.*, the reasonableness standard of review is necessarily "deferential," *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005). Although this court has recognized the possibility that a sentence within prescribed statutory limits may, nevertheless, "exceed the bounds of 'reasonableness,'" we have emphasized that "we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). This is not one of those rare cases.

Watson asserts that his sentence is unreasonable because the district court placed undue emphasis on the quantity of marijuana at issue in his crimes of convic-

tion. In fact, Watson's 200 kilogram drug operation accounts for only part of his total 130–month term of incarceration. Sixty months of this sentence represents the consecutive 5–year term mandated by 18 U.S.C. § 924(c) for Watson's possession of a firearm in a car in connection with his drug trafficking. A district court plainly does not act unreasonably when it follows a congressional sentencing mandate. To the extent Watson nevertheless complains that the remaining 70–month sentence exceeds the five-year maximum on each of his drug trafficking counts, his argument merits little discussion. The district court did not exercise its prerogative to sentence Watson to consecutive sentences on the drug counts to achieve the challenged sentence. *See United States v. Kurti,* 427 F.3d 159, 164 (2d Cir.2005). Rather, his significant drug operation is reflected in two concurrent 60–month prison terms. The additional 10 months of incarceration is the result of 70–month concurrent sentences on two weapon possession charges. Given that these weapon charges stemmed from Watson's possession of five semi-automatic weapons in his home in addition to the one seized from his car at the time of arrest, we can hardly conclude that the district court acted unreasonably in fashioning a modest increase in the overall sentence to reflect this further criminal conduct. Although Watson emphasizes that he engaged in no violent conduct and had no prior record, it was reasonable for the district court to conclude from the totality of the trial evidence that the defendant's criminal conduct was not modest or aberrational, but reflective of significant drug trafficking over many months with a real potential for violence. *See generally United States v. Soto,* 959 F.2d 1181, 1187 (2d Cir.1992) (noting that " 'firearms are as much tools of the [narcotics] trade as are the commonly recognized articles of narcotics paraphernalia' ") (quoting *United States v. Crespo,* 834 F.2d 267, 271 (2d Cir.1987)). In sum, we are satisfied that, on remand, the district court considered the factors outlined in 18 U.S.C. § 3553(a) and that the sentence imposed is reasonable in light of those factors.

The district court's June 29, 2005 order declining to reimpose sentence is hereby AFFIRMED.