**UNITED STATES of America,**
**Appellee,**

v.

**Jose Francisco HERRERA,**
**Defendant–Appellant.**

No. 05–5561–cr.

United States Court of Appeals,
Second Circuit.

June 21, 2006.

Dayna Ferebee, Law Office of Dayna Ferebee, New York, New York, for Appellant.

Reed M. Brodsky, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

PRESENT: Honorable RALPH K. WINTER, Honorable REENA RAGGI, Circuit Judges, Honorable PAUL A. CROTTY, District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Jose Francisco Herrera pleaded guilty to one count of

---

1. The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

illegal re-entry into the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On August 22, 2005, the district court sentenced Herrera to 57 months' imprisonment, to be followed by a three-year term of supervised release, as well as a $2000 fine, and a $100 special assessment. On appeal, Herrera raises a single challenge to his conviction: ineffective assistance of counsel at sentencing. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

"We may review a claim of ineffective assistance of counsel on direct appeal where, as here, 'the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is beyond any doubt or in the interest of justice.'" *United States v. Cohen,* 427 F.3d 164, 167 (2d Cir.2005) (quoting *United States v. Gaskin,* 364 F.3d 438, 468 (2d Cir.2004)); *accord United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003). A defendant raising an ineffective assistance claim must satisfy both parts of the test articulated in *Strickland v. Washington,* i.e., he must show (1) that counsel's performance "fell below an objective standard of reasonableness," given "prevailing professional norms," 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and (2) that counsel's ineffectiveness prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052; *see United States v. Gaskin,* 364 F.3d at 468. Defendant's *Strickland* burden is a heavy one because, in applying this test, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v.* *Washington,* 466 U.S. at 689, 104 S.Ct. 2052; *see United States v. Kurti,* 427 F.3d 159, 163 (2d Cir.2005). To prevail, a defendant must "overcome the presumption that, under the circumstances, [counsel's] challenged action might be considered sound trial strategy." *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052 (internal quotation marks omitted).

Although Herrera presents a long list of purported errors and omissions by his former counsel, his complaints are essentially conclusory and cannot pass the *Strickland* test.

■ 1. Herrera faults counsel for doing "nothing to challenge or comment on" the Sentencing Guidelines calculation in his case. Appellant's Br. at 7. Because Herrera does not, in fact, dispute the applicable 46–57 month Guidelines range, nor point to any error in the calculation of that range, this first argument necessarily fails both parts of the *Strickland* test.

■ 2. Herrera further complains that counsel failed to argue for a sentence below the Guidelines range. The record, however, demonstrates that counsel made the deliberate strategic choice to forego this argument in lieu of one urging a sentence at the low end of the Guidelines range. At the sentencing hearing, counsel stated that he was "fully aware that [he] had the right to make an application for a sentence below [the Guidelines] range," but, in light of "some of the very factors mentioned in the probation department's recommendation ... [he] felt that in this case that a sentence at the bottom of the range would be the most realistic favorable outcome for Mr. Herrera." Given Herrera's prior conviction for illegal re-entry, the narcotics conviction that prompted his original deportation, and his admission following arrest that he was again involved in drug trafficking—which facts prompted

the Probation Department to recommend a sentence at the *top* of the Guidelines range—counsel's strategic decision was plainly reasonable. In any event, Herrera can hardly show that he was prejudiced by this choice given the district court's rejection of even a low-end Guidelines sentence.

3. Herrera faults counsel for failing specifically to address the factors set forth in 18 U.S.C. § 3553(a). In fact, the record indicates that counsel did discuss some of these factors, notably, deterrence and the need to protect society. *See* 18 U.S.C. § 3553(a)(2)(B) & (C). As the government convincingly demonstrates, the remaining statutory factors did not support a lenient sentence in Herrera's case. In such circumstances, Herrera cannot show either that counsel made an objectively unreasonable strategic choice or that, as a result, he sustained prejudice.

4. Herrera complains that counsel failed to investigate mitigating evidence. As the government correctly points out, the existence of such a duty outside the context of capital sentencing is by no means clear. *See Wiggins v. Smith,* 539 U.S. 510, 534–35, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). In any event, Herrera's argument is entirely conclusory. Absent an identification of the issues that should have been investigated and a showing that such investigation would have led to a more lenient sentence, Herrera's claim cannot satisfy either prong of the *Strickland* test.

5. Herrera, who suffers from diabetes, glaucoma, and other ailments, argues that counsel was ineffective for failing to move for a downward departure based on his physical condition or to reference his health as a sentencing factor. Because Herrera moved *pro se* at sentencing for a downward departure based on his physical condition, the district court was plainly

aware of these facts. In light of the court's denial of a departure, *see United States v. Persico,* 164 F.3d 796, 806 (2d Cir.1999); *see also United States v. Altman,* 48 F.3d 96, 104 (2d Cir.1995), and Herrera's failure to indicate what health argument counsel might have advanced to secure a more lenient sentence, we can identify no prejudice from the alleged omission.

6. Herrera submits that counsel was constitutionally ineffective for failing to advise the district court that, upon arrest, he "provid[ed] valuable information about current drug distribution in the New York city area," which disclosure "might have provided a basis for downward departure under U.S.S.G. 5K2.0 or a more lenient sentence as a factor to be consider under 18 U.S.C. 3553(a)." Appellant's Br. at 9. We are not convinced. Because Herrera's information did not prompt a 5K1.1 motion, the likelihood of his receiving 5K2.0 consideration appears unlikely in the extreme. *See United States v. Korman,* 343 F.3d 628, 631 (2d Cir.2003); *cf. United States v. Gaines,* 295 F.3d 293, 303 (2d Cir.2002). No different conclusion is warranted under § 3553(a). Indeed, experienced counsel could well have concluded that highlighting Herrera's familiarity with drug trafficking was hardly likely to result in a more lenient sentence. Here again, Herrera's claim fails both parts of the *Strickland* test.

7. Finally, Herrera faults counsel for "fail[ing]" to address the imposition of a fine," specifically, by not informing the court that the defendant had children to support and lacked both an income and assets. Appellant's Br. at 7. Because these facts were disclosed in Herrera's Pre–Sentence report, defendant cannot demonstrate that he was prejudiced by counsel's alleged omission.

In sum, we reject Herrera's ineffective assistance claim as without merit. The district court's judgment of conviction is hereby AFFIRMED.