10-4149-cr
United States v. Calhoun

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

PRESENT:  REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges*,
          LAWRENCE E. KAHN,
                    *District Judge.*[*]

-------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,

          v.                                        No.    10-4149-cr

NORMAN CALHOUN,
                              *Defendant-Appellant*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:       JAMES P. EGAN (James F. Greenwald, Assistant
                               Federal Public Defender, *on the brief*), *on behalf of*
                               Lisa Peebles, Federal Public Defender, Syracuse,
                               New York.

---

[*] Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

APPEARING FOR APPELLEE: BRENDA K. SANNES (Lisa M. Fletcher, *on the brief*), Assistant United States Attorneys, *on behalf of* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 14, 2010, is AFFIRMED.

Norman Calhoun appeals from convictions entered after his guilty plea to one count of knowing receipt of child pornography, see 18 U.S.C. § 2252A(a)(2)(A), and one count of knowing possession of child pornography, see id. § 2252A(a)(5)(B). On appeal, Calhoun contends that (1) the entry of both convictions violated the Double Jeopardy Clause, and (2) the application of a sentencing enhancement under 18 U.S.C. § 2252A based on prior convictions violated his Sixth Amendment right to trial by jury. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Double Jeopardy

Calhoun argues that possession of child pornography is a lesser-included offense of receipt and, therefore, his convictions constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause. See Ball v. United States, 470 U.S. 856, 865

2

(1985); see generally Rutledge v. United States, 517 U.S. 292 (1996).[1] In pursuing this claim, Calhoun confronts several legal hurdles. First, because the challenged convictions were based on Calhoun's own guilty pleas, which effectively conceded the commission of two different crimes, he cannot complain of double jeopardy unless it is apparent from the face of the information and the record existing at the time he pleaded guilty that the charges are constitutionally duplicative. See United States v. Broce, 488 U.S. 563, 575 (1989); see generally United States v. Kurti, 427 F.3d 159, 162 (2d Cir. 2005) (stating that guilty plea generally "results in a waiver of double jeopardy claims"). Second, because Calhoun did not raise a double jeopardy claim in the district court, we review only for plain error. See United States v. Irving, 554 F.3d 64, 78 (2d Cir. 2009) (reiterating that reversal for plain error requires showing of (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects fairness, integrity, or public reputation of judicial proceedings). "An error is 'plain' if the ruling was contrary to law that was clearly established by the time of the appeal." Id. In the absence of binding precedent, we will deem error plain only if it is "so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." United States v. Whab, 355 F.3d 155, 158 (2d Cir.

---

[1] Because the district court ordered that the 264-month prison sentence for receipt run concurrently with the 121-month prison sentence for possession, and similarly imposed concurrent terms of supervised release, the only direct increase in punishment resulting from the second count of conviction is an additional $100 special assessment. Nevertheless, we recognize that the additional conviction has "potential adverse collateral consequences" sufficient to support a double jeopardy claim. Ball v. United States, 470 U.S. at 865.

3

2004) (internal quotation marks omitted). An error cannot be deemed plain in such a circumstance "where there is a genuine dispute among the other circuits." Id. Calhoun cannot clear the hurdles erected by this precedent.

While the Information to which Calhoun pleaded guilty draws no distinction between the child pornography at issue in the possession and receipt counts, this does not plainly evidence double jeopardy. Each count states that "numerous" graphic images and video files were involved in the charged crimes, which were committed over a period of time. Information, Count One, Count Two. Thus, it would have been possible for Calhoun to have pleaded guilty to receipt with respect to certain of the items of child pornography at issue and to have pleaded guilty to possession with respect to other items without any double jeopardy concern. See generally United States v. Polouizzi, 564 F.3d 142, 159 (2d Cir. 2009) (stating that where receipt and possession counts are predicated upon different images "it would appear that Congress intended to allow separate convictions"). Indeed, had Calhoun raised a double jeopardy challenge before his guilty plea, the government could well have redrafted the Information to make this distinction clearly. In these particular circumstances, even if Calhoun could show that the duplicative nature of the charges was apparent on the record, he can hardly demonstrate that allowing his sentences to stand calls into question the fairness, integrity, or public reputation of judicial proceedings. See United States v. Irving, 554 F.3d at 79.

Further, the plea record indicates that after downloading the charged child pornography onto his computer, Calhoun transferred various items to compact discs. Some of our sister circuits have observed that "the transfer and storage of previously-downloaded Internet images—to a memory card or diskette, for example—describes conduct separate from the act of downloading pornography" and, thus, may provide a sufficient basis for a possession count independent of any possession associated only with the initial receipt. United States v. Overton, 573 F.3d 679, 698 (9th Cir. 2009); see United States v. Dudeck, 657 F.3d 424, 431 (6th Cir. 2011) (remanding for district court to determine whether "after receipt, possession was undertaken by transfer to a different medium," such that separate punishment for possession and receipt would be permissible); see also United States v. Schales, 546 F.3d 965, 980 (9th Cir. 2008). Calhoun seeks to distinguish these cases on the basis that he did not copy images from his computer to the discs, but only moved them. This distinction seems irrelevant to these courts' reasoning, which focused on whether the "transfer" of images constitutes conduct separate from the download.

We need not here decide whether to adopt the reasoning of these courts as our own.[2] We conclude only that, in the absence of authoritative law on the point in this court and these

---

[2] Nor need we decide whether we agree with those of our sister circuits to have identified plain error when a conviction for both receipt and possession of child pornography is based on the same conduct. See United States v. Ehle, 640 F.3d 689, 698-99 (6th Cir. 2011); United States v. Muhlenbruch, 634 F.3d 987, 1003-04 (8th Cir. 2011); United States v. Miller, 527 F.3d 54, 72-74 (3d Cir. 2008); United States v. Davenport, 519 F.3d 940, 945-48 (9th Cir. 2008).

holdings of sister circuits, Calhoun cannot show that any double jeopardy violation was "so egregious and obvious" as to constitute plain error. United States v. Whab, 355 F.3d at 158 (internal quotation marks omitted).

2. Sentencing Enhancement

Calhoun submits that 18 U.S.C. § 2252A(b)(1), (2) is unconstitutional insofar as it permits an increase in the applicable sentencing maximums for receipt or possession of child pornography based on a judicial finding of specified prior convictions. The argument merits little discussion in light of Calhoun's concession that the argument is foreclosed by Supreme Court precedent. At the same time that the Supreme Court has construed the Sixth Amendment to require that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," the Court has preserved an exception for "the fact of a prior conviction." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). While the exception, first articulated in Almendarez-Torres v. United States, 523 U.S. 224 (1998), has its critics—even among members of the Supreme Court—this court is obliged to follow both the rule and the exception as long as this precedent remains controlling law. See Portalatin v. Graham, 624 F.3d 69, 80 (2d Cir. 2010) (en banc), cert. denied, 131 S. Ct. 1693 (2011) (describing rule and its exception as "well settled"). Because we conclude that Calhoun's sentencing challenge is meritless, we need not address the government's argument that it is also unpreserved.

Because the foregoing disposes of Calhoun's challenges, we need not discuss other arguments raised by the parties. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court