12-3503-cr
United States v. Ibrahim Kurti

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fourteen.

Present:
        RALPH K. WINTER,
        CHESTER J. STRAUB,
        PETER W. HALL,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                *Appellee*,

        v.                                                          No. 12-3503-cr

IBRAHIM KURTI, A/K/A "BRIAN KURTI", A/K/A "BIG BRIAN"

        *Defendant–Appellant*.

_____

FOR APPELLANT:          James M. Branden, Law Office of James M. Branden, New York, NY.

FOR APPELLEE:           Justin S. Weddle, Matthew L. Schwartz, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

_____

Appeal from a judgment of the United States District Court for the Southern District of

New York (Preska, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant–Appellant Ibrahim Kurti ("Kurti") appeals from an amended judgment of conviction entered on August 17, 2012, sentencing Kurti after his guilty plea and pursuant to this Court's remand for resentencing. *See United States v. Kurti*, 427 F.3d 159 (2d Cir. 2005). In 2003, Kurti pled guilty to counts of participating in a conspiracy to distribute and possess with intent to distribute ecstacy and participating in a conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). *Id.* at 161. As a result of his first appeal, this Court remanded for clarification of the length of the sentences imposed on each count and whether the two sentences were to run consecutively or concurrently. *Id.* at 164. The mandate remanding the matter to the district court issued on November 18, 2005. A period of roughly seven years passed before Kurti was resentenced on August 17, 2012. On appeal Kurti argues that this delay denied him due process in violation of the Fifth Amendment. In addition, he challenges the substantive reasonabless of the sentence imposed on remand. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

Our review to determine whether a delay in prompt sentencing has deprived a defendant of his due process rights "'must consider [1] the reasons for the delay as well as [2] the prejudice to the accused.'" *United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)). We consider these factors "in light of each other and the surrounding circumstances," rather than in isolation as independent criteria. *Id.* at 199–200.

We have held previously that "negligence on the part of the government does not weigh as heavily as would an intentional delay." *United States v. Paul*, 634 F.3d 668, 674 (2d Cir. 2011). The government readily admits that much of the delay between the issuance of our

2

mandate and Kurti's resentencing was attributable to the inattention of the prosecution. Nonetheless, at least a year and a half during the commencement of the period of delay was the product of several requests for continuances made by the defense, ending when the defense submitted a sentencing memorandum on June 1, 2007. It was not until August of 2012, some five years and two months later, that the district court resentenced Kurti—a delay of five years and two months.

Delay alone, however, is an insufficient basis on which to succeed on such a claim. Kurti must also demonstrate some substantial and demonstrable prejudice as a result of the delay. *See id.* at 675 ("To prove a due process violation as a result of a sentencing delay, the prejudice claimed by the defendant must be substantial and demonstrable." (internal quotation marks and ellipsis omitted)). In this regard, Kurti's challenge fails. First, delay alone—or in other words, the burden of waiting for a sentence to be imposed—does not constitute substantial and demonstrable prejudice. *Id.* Second, Kurti also fails to advance any compelling argument as to how his present-day inability to question a former attorney, now deceased, has caused him prejudice. The record reflects that the parties expressly agreed in the plea agreement that the 2002 Sentencing Guidelines would apply—an agreement reflected throughout the lower court's proceedings—and, therefore, Kurti's former attorney could offer no additional guidance to the court on this issue. Additionally, Kurti has been unable to provide any information—whether names, addresses, or content of possible testimony—as to potential witnesses who were present at the initial *Fatico* hearing but did not testify. We agree with the district court that the lack of detail and lack of any explanation for why these witnesses were not called at the original hearing defeats any argument that Kurti has now suffered prejudice occasioned by the inability to locate these witnesses. In addition, Kurti faced a lengthy sentence regardless of any delay in

3

resencing.  Because he has suffered no demonstrable prejudice, his claim that he was deprived of due process fails.

Kurti's claim that the sentence imposed is substantively unreasonable also fails.  We review the substantive reasonableness of a district court's sentence for abuse of discretion, and we take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.  We set aside a district court's sentence as substantively unreasonable only if affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013) (internal citation, quotation marks and ellipsis omitted).  Here, the district court properly found that Kurti had an Offense Level of 40 with a Criminal History Category of III.  In so doing, the district court noted the specific factors that distinguished Kurti from his co-defendants, namely his use of a firearm and his managerial position in the conspiracy.  These factors warranted the disparity between Kurti's and the other defendants' sentences.  *See United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) ("Thus, if sentencing disparities between co-defendants are properly considered, the weight to be given such disparities, like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our appeallate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." (internal quotation marks and brackets omitted)).  Furthermore, pursuant to 18 U.S.C. § 3553(a)(2) the district court was well within its discretion in finding that the seriousness of Kurti's crimes required a more substantial sentence than the nationwide averages for the crimes of which he was convicted.  *See United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007), *abrogation recognized by United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008).

We have considered all of Kurti's remaining arguments and conclude that they are without merit. We, therefore, **AFFIRM** the August 17, 2012 amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk