16-2685-cr
United States v. Smith

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
                     REENA RAGGI,
                     PETER W. HALL,
                              *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                              *Appellee*,


                    v.                                                    No.    16-2685-cr

JAMES SMITH,
                              *Defendant-Appellant*,[*]

EDWIN CORNIEL, MARIO SANCHEZ,
AKA TICO, LEIVY ULERIO,
                              *Defendants*.

------------------------------------------------------------------------
APPEARING FOR APPELLANT:         MICHELLE ANDERSON BARTH, Law Office of Michelle Anderson Barth, Burlington, Vermont.

---

[*] The Clerk of Court is directed to amend the case caption as set forth above.

1

APPEARING FOR APPELLEE: JUSTINA GERACI, Assistant United States Attorney (Karl N. Metzner, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from final judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that we VACATE the sentence set forth in the final judgment entered on July 28, 2016, and REMAND to the district court for the limited purpose of either specifying the sentences imposed on Counts One and Two or resentencing the defendant.

Defendant James Smith stands convicted based on his guilty plea to conspiracy to commit Hobbs Act robbery ("Count One"), *see* 18 U.S.C. § 1951; conspiracy to traffic in five kilograms or more of cocaine ("Count Two"), *see* 21 U.S.C. §§ 841(b)(1)(A), 846; and discharging a firearm during one of the aforesaid crimes, resulting in death, *see* 18 U.S.C. § 924(j) ("Count Three"). On this appeal, he challenges only his 34-year prison sentence.

Specifically, Smith argues that the 24-year prison term pronounced on Count One is unlawful because it exceeds the statutory maximum penalty of 20 years' incarceration. *See* 18 U.S.C. § 1951(a). We generally review sentencing challenges for abuse of discretion, *see United States v. Cavera*, 550 F.3d 180, 187–88 (2d Cir. 2008) (*en banc*), but where, as here, a defendant failed to assert the alleged sentencing error in the district court, we review only for plain error, *see United States v. Marcus*, 560 U.S. 258, 262 (2010) (stating that plain error is (1) error, (2) that is "clear or obvious," (3) that affects

2

"substantial rights," and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings" (internal quotation marks omitted)).   In applying that standard here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

A district court plainly errs if it imposes a sentence that exceeds the maximum authorized by law.   *See, e.g.*, *United States v. Rodriguez*, 775 F.3d 533, 536–37 (2d Cir. 2014) (identifying plain error in imposition of supervised release term exceeding statutory maximum).   It is not clear that the district court did so here.   In imposing Smith's sentence, the district court stated:

> Having considered the factors at 18 U.S. Code, Section 3553(a), it is my judgment that James Smith be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 34 years.   That's 24 for Counts One and Two and 10 consecutive for Count Three.

J.A. 57.   The judgment of conviction similarly states that Smith is to be incarcerated for a "total term of[] 34 years (24 years on counts one and two followed by a 10 year consecutive term on count three)."   *Id.* at 62.   While the 20-year maximum sentence for Hobbs Act robbery-conspiracy would not support a 24-year sentence on Count One alone, the 10-year-to-life sentencing range for Smith's narcotics conspiracy would allow a 24-month sentence on Count Two alone or in conjunction with a 20-year sentence on Count One.

Thus, the district court did not err in imposing a *total* punishment of 24 years on these two counts.   What is not clear, however, is how the district court arrived at its 24-year total.   The government contends that Smith "automatically received a sentence

3

of 20 years on Count One and 24 years on Count Two, to run concurrently." Appellee's Br. 12. We think it possible that the district court so intended. *See* U.S.S.G. § 5G1.2(b) ("The court shall determine the total punishment and shall impose that total punishment . . . except to the extent otherwise required by law."); *id.* cmt. n.1 ("Usually, at least one of the counts will have a statutory maximum adequate to permit imposition of the total punishment as the sentence on that count. The sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum . . . ."). But such a sentence did not occur "automatically." Title 18 U.S.C. § 3584(a), on which the government relies, only authorizes the concurrent or consecutive nature of a prison term. It says nothing about the sentence's length.

"[T]he district court was required to specify the length of time to be served on each count and whether those sentences run consecutively or concurrently." *United States v. Kurti*, 427 F.3d 159, 164 (2d Cir. 2005). We have excused a district court's failure to do so orally where the written judgment states the sentences imposed on each count to arrive at the pronounced total. *See United States v. Santopietro*, 996 F.2d 17, 20 (2d Cir. 1993). That, however, is not this case.

Some of our sister circuits have identified plain error in a district court's failure to pronounce sentence on each count. *See United States v. Ward*, 626 F.3d 179, 184–85 (3d Cir. 2010) ("[T]he District Court erred by failing to impose a sentence on each count, and that error is plain."); *United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005) (finding district court's imposition of a 20-year general sentence on multiple counts to be plain error where that sentence exceeded 10-year statutory maximum on one of counts).

4

We need not decide that question today. We conclude only that because a sentence in excess of 20 years on Count One would be plain error, and because the sentence on that count cannot clearly be determined on the present record, it is appropriate to remand this case for the limited purpose of allowing the district court to pronounce sentences on each of Counts One and Two and, thus, to remove any doubt as to the legality of its total 24-year sentence. *See United States v. Sanchez*, 517 F.3d 651, 666 (2d Cir. 2008) (remanding for clarification of district court's understanding of its sentencing options).

We have considered Smith's remaining arguments and conclude that they are without merit. Accordingly, we VACATE Smith's sentence and REMAND to the district court either to specify the sentences imposed on Counts One and Two or to resentence Smith.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

5