## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 21 2017, 10:59 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and Cass County
Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Byron Snelbaker, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 21, 2017 <br><br> Court of Appeals Case No. 09A05-1704-CR-756 <br><br> Appeal from the Cass Superior Court <br><br> The Hon. Richard Maughmer, Judge <br><br> Trial Court Cause No. 09D02-1610-F5-59 |

**Bradford, Judge.**

[1]     In a memorandum decision issued on September 5, 2017, we affirmed the convictions entered and sentence imposed after Appellant-Defendant Byron Snelbaker pled guilty to two counts of Level 5 felony battery.  Snelbaker argued that the trial court erred in imposing consecutive sentences for his battery convictions and that those convictions violated constitutional and common-law prohibitions against double jeopardy, arguments we found to be without merit. Snelbaker now seeks rehearing, arguing that we did not fully address his double-jeopardy claims, specifically his claim that his battery convictions violate the double jeopardy clause of the Unites States Constitution.  We grant rehearing for the limited purpose of doing so now.

[2]     Snelbaker notes that, under federal law, while a knowing and voluntary guilty plea generally results in waiver of a double-jeopardy argument, "[s]ome courts have noted an exception to the waiver rule applies when a double jeopardy claim is so apparent either on the face of the indictment or on the record existing at the time of the plea that the presiding judge should have noticed it and rejected the defendant's offer to plead guilty to both charges."  *U.S. v. Kurti*, 427 F.3d 159, 162 (10th Cir. 2005).  While Snelbaker argues that this case fits within the exception to the general rule, neither the charging information nor the record at his guilty plea hearing support his claim.

[3]     The charging information alleged that Snelbaker (1) "did knowingly or intentionally touch Shonn Parmeter in a rude, insolent, or angry manner, said touching being committed with a vehicle" and also (2) "did knowingly or intentionally touch Shonn Parmeter, a public safety officer, in a rude, insolent,

or angry manner while said officer was engaged in the execution of his official duties, resulting in bodily injury, pain[.]" Appellant's App. Vol. II p. 13. The charges are not, as Snelbaker claims, "essentially identical on their face[s,]" Appellant's Br. p. 19, and, as such, no double jeopardy violation is apparent on the face of the charging information.

[4] The record generated during the guilty plea hearing also does not help Snelbaker. While generating a factual basis for Snelbaker's guilty plea, the prosecutor elicited testimony that Snelbaker attempted to force Officer Parmeter's vehicle from the road by intentionally steering his vehicle into the officer's, causing Officer Parmeter injuries, and that, after being forced into a field, Snelbaker again intentionally struck Officer Parmeter's occupied police vehicle with his. As we noted in our original memorandum decision, "[t]he factual basis included separate facts supporting each of these convictions." *Snelbaker v. State*, 2017 WL 3865748, at *3 (Ind. Ct. App. Sept. 5, 2017). As with the charging information, then, no double jeopardy violation is apparent from the record. In summary, Snelbaker has failed to establish that his two battery convictions violate the United States Constitution's prohibition against double jeopardy. While we grant Snelbaker's petition for the limited purpose of addressing his claim, we find it to be without merit, and once again affirm the trial court's judgment in all respects.

May, J., and Barnes, J., concur.