18-612-cr
*United States v. Smith*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of May, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            PETER W. HALL,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                *Appellee,*                           18-612-cr

            v.

JAMES SMITH,

                *Defendant-Appellant,*

EDWIN CORNIEL, MARIO SANCHEZ, AKA TICO, LEIVY
ULERIO,

                *Defendants.*

---

**FOR DEFENDANT-APPELLANT:**          Robert A. Culp, Garrison, NY.

**FOR APPELLEE:**                     Brett M. Kalikow and Anna M. Skotko,
                                      Assistant United States Attorneys, *for*
                                      Geoffrey S. Berman, United States

Attorney, Southern District of New York,
New York, NY.

Appeal from an amended judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 1, 2018 amended judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant James Smith ("Smith") appeals from an amended judgment entered on March 1, 2018. On December 14, 2015, Smith waived indictment and pleaded guilty, without the benefit of a plea agreement, to: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); (2) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 ("Count Two"); and (3) discharging a firearm during one of the aforesaid crimes, resulting in death, in violation of 18 U.S.C. § 924(j) ("Count Three"). On July 27, 2016, the District Court sentenced Smith to a total of 34 years' imprisonment, to be followed by five years of supervised release. The total term of 34 years' imprisonment was based on a sentence of 24 years for Counts One and Two, and a mandatory consecutive term of 10 years for Count Three.

Smith appealed, arguing that the 24-year prison term for Count One was unlawful because it exceeded the statutory maximum penalty of 20 years' incarceration. On November 2, 2017, we vacated Smith's sentence and remanded to the District Court either to specify the sentences imposed on Counts One and Two or to resentence Smith. *See United States v. Smith*, 713 F. App'x 30, 32–33 (2d Cir. 2017) (summary order) ("*Smith I*"). On March 1, 2018, the District Court re-imposed a 34-year sentence, clarifying that the sentence comprised 20 years for Count One, to run concurrently with 24 years for Count Two, followed by a mandatory consecutive term of 10 years for Count Three. Smith now challenges the substantive reasonableness of the re-imposed 34-year sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of a sentence for substantive reasonableness is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a sentence as substantively unreasonable only if it "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). We identify as substantively unreasonably "only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

The Government contends that we are foreclosed from reviewing the substantive reasonableness of Smith's sentence on appeal pursuant to the law of the case doctrine and, specifically, the mandate rule. The mandate rule describes the duty of the district court on remand "to follow an appellate court's previous ruling on an issue in the same case." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). The mandate rule "ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court." *Id.* "But when a case is remanded for *de novo* resentencing, the defendant may raise in the district court and, if properly preserved there, on appeal to the court of appeals, issues that he or she had previously waived by failing to raise them." *Id.*

On appeal, Smith seeks to raise issues concerning the substantive reasonableness of his sentence that he failed to raise during his initial sentencing proceeding or on his previous appeal. We must therefore determine at the outset whether Smith's case was remanded for *de novo* or for limited resentencing. In so doing, "we must look to both the specific dictates of the remand order as well as the broader spirit of the mandate." *Id.* at 1227 (internal quotation marks omitted). Generally, "absent explicit language in the mandate to the contrary, resentencing should be limited when the Court of Appeals upholds the underlying convictions but determines that a *sentence* has been erroneously imposed and remands to correct that error." *Id.* at 1228. Thus, where a case is remanded due to a sentencing error, rather than a conviction error, "there [is] a presumption that resentencing [is] limited, not *de novo*, but that the defendant would be entitled to *de novo* review if he could show that (1) the 'spirit of the mandate' requires *de novo* resentencing, (2) an issue became relevant only after the initial appellate review, or (3) there is a 'cogent' or 'compelling' reason for resentencing *de novo*, such as a change in controlling law." *United States v. Rigas*, 583 F.3d 108, 118 (2d Cir. 2009).

In *Smith I*, we focused principally on a sentencing error—that is, the potential imposition of a sentence on Count One that exceeded the 20-year statutory maximum. *See Smith I*, 713 F. App'x at 32. But our decretal language can plausibly be interpreted as giving the District Court the option of either specifying the sentences imposed on Counts One and Two or sentencing Smith *de novo*. *See id.* at 33 ("Accordingly, we VACATE Smith's sentence and REMAND to the district court either to specify the sentences imposed on Counts One and Two or to resentence Smith."). The District Court, it appears, interpreted this mandate as allowing for *de novo* resentencing. During a hearing on January 8, 2018, the District Court explained that "it was [its] intention to sentence within the guidelines range," but that it did not wish to "short circuit any steps [the parties] may wish to take or any suggestions that [the parties] have." App. 89. Accordingly, the District Court invited the parties to submit a letter "however long or short you wish . . . so that everybody has the opportunity to say what they wish to say, because it is an important matter, and we should treat it that way." *Id.* at 90. Smith submitted a letter stating that his dysfunctional upbringing and his lengthy and documented history of mental illness remained relevant and deserving of consideration. *Id.* at 93–94. He also urged the District Court to consider the sentences subsequently imposed on his co-defendants to eliminate any unwarranted disparities. *Id.* The Government responded by arguing that nothing had

3

transpired since Smith's original sentencing to undermine the reasonableness of his 34-year sentence, and that the District Court "need only clarify its previous imposition of sentence." *Id.* at 96.

At the resentencing hearing on March 1, 2018, the District Court, after describing both parties' submissions, stated:

> [T]he government respectfully submits the court need only clarify [its] previous imposition of sentence; namely, the imposition of 20 years imprisonment on Count 1, 24 years imprisonment on Count 2, and those two to run concurrently, and the mandatory 10 years of imprisonment on Count 3 to run consecutively. That is my intention. The court incorporates by reference the prior sentencing proceeding held on July 27, 2016 as well as the prior submissions of counsel related to the prior sentencing proceeding, plus, of course, these new additional submissions. The court also notes that for the reasons set forth at the sentence of co-defendants . . . defendant James Smith is not similarly situated as those defendants; and, therefore, there is, in the court's judgment, no sentencing disparity among them because the circumstances are so different.

*Id.* at 103–04.

We cannot definitively conclude from the above-quoted language—which expressly entertains and rejects Smith's sentencing disparity argument—that the District Court intended to merely clarify its previous sentence. Nor can we definitively conclude that the mandate in *Smith I* was limited to correcting a sentencing error rather than allowing for *de novo* resentencing of Smith. Accordingly, we decline to conclude that the issues raised in Smith's appeal are barred under the law of the case doctrine.

Turning now to the merits of Smith's appeal, we conclude that his below-Guidelines sentence of 34 years' imprisonment is substantively reasonable. Smith was not similarly situated to his co-defendants; not only did he actually pull the trigger in the instant case, but he had previously been convicted and sentenced for manslaughter for shooting and killing another individual. Moreover, the District Court expressly considered mitigating factors, including Smith's difficult upbringing and his mental illness. Finally, the Bureau of Prisons' decision not to heed the District Court's recommendation that Smith be housed in a medical facility does not render Smith's sentence substantively unreasonable. *See Levine v. Apker*, 455 F.3d 71, 83 (2d Cir. 2006) ("The [Bureau of Prisons] is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility."); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular

facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons.").

## CONCLUSION

We have reviewed all of the arguments raised by Smith on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 1, 2018 amended judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court